**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIGOBERTO LOPEZ ORELLANA, | No. 13-70216 |
| Petitioner, | Agency No. A094-307-408 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

On March 23, 2015, the court granted the respondent's unopposed motion to stay proceedings. On April 21, 2015, the respondent informed the court that Rigoberto Lopez Orellana is not a candidate for prosecutorial discretion, and requested that this case move forward. The stay of proceedings is hereby lifted.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lopez Orellana, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Lopez Orellana contends he suffered past persecution and will be targeted for harm on account of his membership in a particular social group of Salvadoran males whose family members have served in the military. Substantial evidence supports the agency's determination that Lopez Orellana's experiences with the military, guerrillas, and gang members in El Salvador did not rise to the level of persecution. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc) (explaining that persecution is "an extreme concept"). Substantial evidence also supports the agency's determination that he failed to establish a fear of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be

free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Lopez Orellana's asylum and withholding of removal claims fail.

Finally, Lopez Orellana does not raise any substantive arguments challenging the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**

13-70216